Algian R. BAILEY, d/b/a Bailey Janitorial Service, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. A–35–61.

United States District Court
D. Alaska,
at Anchorage.

Feb. 9, 1962.

Howard W. Pollock, Anchorage, Alaska, for plaintiff.

Weyman I. Lundquist, Asst. U. S. Atty., Boston, Mass., for defendant.

HODGE, District Judge.

Plaintiff brings this action under the provisions of Section 1346(a), Title 28 U.S.C.A., known as the Tucker Act, for breach of contract between the plaintiff and the Headquarters Alaskan Command Exchange Service, United States Air Force, Elmendorf Air Force Base, Alaska, to provide janitorial service for the Post Exchange. Defendant has moved to dismiss the action upon the grounds that the court is without jurisdiction to entertain such action against the United States of America.

 It is settled that obligations arising out of a contract with a Post Exchange are not liabilities of the United States upon which suit could be instituted. Borden v. United States, (Court of Claims, 1953), D.C., 116 F. Supp. 873; Pulaski Cab Company v. United States, (Court of Claims 1958), D.C., 157 F.Supp. 955; Edelstein v. South Post Officers Club (D.C.E.D.Va.

1951), 118 F.Supp. 40. These decisions are based upon the case of Standard Oil Co. of California v. Johnson (1942), 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611, in which the Supreme Court held that Exchange contracts are solely the obligation of the Exchange, that they are not Government contracts, and that the Government assumes none of the financial obligations of the Exchange. Unfortunately it is also held that there is no right of action upon such contracts against the Exchange, for the reason that the United States has not waived its sovereign immunity as to contract obligations of the Exchange. For this anomoly there appears to be no present remedy. In the Borden case the court recognizes this situation in the following language:

"We think it is proper that this situation should be called to the attention of the Congress. It seems fair that either the Post Exchanges or the Government should be subject to suit and liable for any breach of a contract that had been duly signed by the Army Exchange Service."

Plaintiff relies upon the dissenting opinion of Judge Whitaker in the Borden case in which he urges that the United States should be liable because the contracts of the Army Exchange Service were made for the benefit of the United States; and on a similar dissent in the Pulaski Cab Company case, in which Judge Whitaker concurs in the result for the reason that in such case the contract itself provided that it was not a United States Government contract but solely the obligation of the Exchange, but contends that aside from such agreement the United States would be liable. These dissenting opinions, however logical they appear to be, are not the law of the case.

The motion to dismiss must be granted. Judgment of dismissal with prejudice may be presented.